STATE use of JAMES A. HARBESON *vs.* GEORGE JONES.

Depositions taken without notice of the filing interrogatories suppressed at the trial.
Question of *variance* considered.

DEBT on an administration bond. Breach, the non-payment to plaintiff of $2,567 96, being his distributive share of the estate of Samuel Harbeson; he being one of the two children of James (or Jack) Harbeson, dec'd., who was a brother of Samuel Harbeson. Pleas—1st. non est factum; 2d. That plaintiff is not entitled to a distributive share; 3d. That he is not one of the representatives of James (or Jack) Harbeson, &c., &c.

The administration bond of defendant on the estate of Samuel Harbeson was offered in evidence and objected to, for a variance from the bond declared on.

The condition of the bond was " that if the above named George Jones, (during the absence of the next of kindred) as administrator of all and singular, the goods and chattels, rights and credits, of Samuel Harbeson, dec'd., shall cause a true and perfect inventory and just appraisement to be made of all and singular the goods and chattels, of said deceased, whereof the said George Jones shall have knowledge, and the same with a true and perfect list of all and singular, the debts and credits due, or belonging, to the said deceased, whereof the said George Jones shall have knowledge, to be delivered in the register's office for New Castle county, in the State of Delaware, on or before the 15th day of June, next; and shall well and faithfully *administer* according to law, all and singular the goods and chattels, rights and credits of said deceased, *which have or shall come to the possession or knowledge* of said George Jones; and shall render a just and true account of *such* administration on or before the 15th day of December next; and shall distribute and pay all the residue remaining of the *said* goods and chattels, rights and credits, after all just demands and charges to which the said goods and chattels, rights and credits, in the due course of the administration thereof, are subject, are deducted, to the person or persons respectively entitled to receive the same; and furthermore," &c., &c.

The declaration set out the bond as " subject to a certain condition thereunder written, that the said George Jones, administrator of *all and singular, the goods and chattels, rights and credits of Samuel Harbeson, deceased,* should distribute and pay all the residue remaining of the *said* goods and chattels, rights and credits of the said Samuel Harbeson, deceased, after all just demands and charges to which the

same goods and chattels, rights and credits, in the due course of the administration thereof are subject, are deducted, to the person or persons respectively entitled to receive the same :" and then assigned a breach of this clause, that, &c.

On this question defendant's counsel cited 1 *Harr. Rep.* 231 ; 8 *East* 7, 8, 9, 10 ; 1 *Chitty Pl.* 299, 300 ; 6 *Eng. Com. Law Rep.* 167 ; 4 *Maule & Sewl.* 470 ; 9 *East,* 188 ; 13 *Com. Law. Rep.* 225.

For plaintiff was cited 1 *Barn. & Cresw.* 358 ; 1 *Barn & Ald.* 57, 94.

*The Court* divided in opinion. Judge LAYTON thought there was no variance.

HARRINGTON, *Judge,* had a strong impression that the objection made to the admissibility of the bond was fatal. Though this part of the condition is set out in the *very words* of the bond, it is contrary to the *legal effect* of the bond ; and the question is, whether such a variance is not fatal. It is a curious case. With the greatest particularity in the pleader to use the very words of the bond, he has not taken the sense. The variance arises because the word *said* as used in the bond, refers to all the goods, &c., *which have come to the administrator's knowledge ;* and the same word as used in the declaration refers to *all the goods,* &c., without this restriction. But the question not being without doubt, and the chief justice absent, he was unwilling to nonsuit the plaintiff on a divided opinion on such a question, and preferred that the case should go on, giving the defendant the benefit of the objection at a subsequent stage of the cause.

The bond was, therefore, admitted, subject to a future motion by the defendant to set aside any verdict that might be rendered ; or to such other application as would bring up this question before a full court.

The plaintiff offered in evidence sundry depositions, taken on a commission executed by a commissioner in Pennsylvania.

They were objected to because the commission was issued before there was any cause in court, and without notice to defendant to file cross interrogatories.

The docket entries were as follows :—

Writ issued 18th April, 1836, to May term, 1836. April 21st, 1836, rule commission to Ch. Bulkley, Philadelphia ; same day plaintiff's interrogatories filed. May T. appearance and continued on rule narr. May 28th 1836, exit commission. July 13th, commission returned and filed. July 20th, defendant's cross interrogatories filed. Nov. T. continued. May 22d, 1837. It is agreed that the plaintiff's commission to Chauncey Bulkley, Esq., which has been returned and opened, be sent back with the cross interrogatories of the defendant

annexed, and that the plaintiff's witnesses be examined on the cross interrogatories, before H. D. Gilpin, Esq., commissioner named by the defendant, and the whole be returned on or before next term ; provided that this agreement shall have no effect as to the depositions of witnesses who may not be cross examined : and rule commission to Mr. Gilpin to examine these witnesses on the cross interrogatories, in conjunction with Mr. Bulkley.

Nov. 25th, 1837, Chauncey Bulkley, one of the commissioners, returned the commission and depositions certifying that some of the witnesses were deceased, and others had left the state ; that H. D. Gilpin had been appointed solicitor of the treasury, and gone to Washington ; for which reasons the commission cannot be executed. None of the witnesses were examined on the cross interrogatories.

Dec. 7th, defendant filed exceptions to these depositions ; 1st. because they were taken without cross interrogatories ; 2d. without legal notice ; 3d. because the rule was laid before the cause was pending.

*By the Court.*—It is not necessary to decide whether a rule commission can be laid before the defendant's appearance, though we incline to the opinion that it cannot. The constitutional provision is, that in civil causes, *when pending,* this court shall have the power of obtaining evidence from places not within the state. The rule commission is the first step, which there can be no propriety in taking, unless there there is a cause, and parties, in court. But the interrogatories were filed also before any appearance, and without notice to the defendant. Depositions thus taken, without cross interrogatories, and without notice of filing the original interrogatories, are open to every objection. The objection is here strengthened by exceptions filed at the earliest time after the commission was finally returned by Bulkley. We throw out of the case the agreement of counsel relative to this commission, because the implied consent to waive objections was conditional, and the condition has not been performed. It was expressly reserved that the agreement should have no effect if the witnesses should not be examined on the cross interrogatories. It stands then as a deposition taken without notice of filing interrogatories ; excepted to at its return ; and it must be suppressed.

Depositions ruled out.

The case went on before the jury, who were unable to agree upon a verdict, and were discharged by the court.

*Rodney* and *Wales,* for plaintiff.

*J. A. Bayard* and *Frame,* for defendant.